101  519
f 101  523

Anderson, Respondent, vs. Hayes, Appellant.

*December 16, 1898 — January 10, 1899.*

*Master and servant: Injury from defective appliances: Pleading.*

A complaint which in substance alleges that the defendant negligently provided, as a part of the equipment of his workshop, to be used by the plaintiff and other employees, an elevator which was defective, dangerous, and unfit for such use, and improperly and insecurely fastened to it a cable to sustain it which was unsafe and unfit for that use, which defects were well known to the defendant but were unknown to the plaintiff, who had no means of knowing thereof; that it became necessary in the course of his employment for the plaintiff to go upon such elevator to ride to an upper floor; and that while he was doing so, in the exercise of due and ordinary care, the elevator, by reason of such negligence of the defendant, became unfastened, gave way, and fell, whereby the plaintiff was injured,— is *held* to state a cause of action.

Appeal from an order of the superior court of Douglas county: Charles Smith, Judge. *Affirmed.*

For the appellant there was a brief by *Ross, Dwyer & Hanitch* and *George B. Hudnall,* and oral argument by *W. D. Dwyer.*

Anderson vs. Hayes.

For the respondent there was a brief by *O'Brien & Vaughn,* attorneys, and *Jno. Jenswold, Jr.,* of counsel, and oral argument by *P. H. O'Brien.*

CASSODAY, C. J.   This is an appeal from an order overruling a demurrer to a complaint for personal injury, alleging, in effect, that at all times therein mentioned the defendant was operating the Superior Iron Works & Iron Manufacturing & Repair Shop in the city of Superior; that March 16, 1897, the plaintiff was working for the defendant at the works as a laborer and mechanic; that, as a portion of the equipment of the works, the defendant used and operated a certain elevator, upon which it was customary for the defendant's employees to ride from one floor to the other; that it was then and there the duty of the defendant to furnish and provide for the plaintiff and the other employees a safe and sufficient elevator fit for the purposes for which it was to be used, and to securely and properly fasten the same so that it would be safe and not liable to fall; that prior to and on March 16, 1897, the defendant did negligently and carelessly construct, erect, and place in position in the works, for the purpose of being used and operated in connection with and as a part of the equipment of the same, a certain elevator, which was then and there and at all times therein mentioned utterly defective, insufficient, dangerous, unsafe, and unfit for the purposes for which it was to be used, and the defendant negligently and carelessly furnished and provided for the use of the plaintiff and his other employees an unsafe and dangerous elevator, and one unfit for such purposes, and defendant did negligently and carelessly furnish and provide a cable used in and about the sustaining and operating of the elevator, which was, at all times therein mentioned and prior thereto, old, worn, greasy, slippery, defective, and utterly unsafe and unfit for the purposes for which it was then and there used; that the defendant did negligently and

carelessly clamp and fasten the cable to the elevator, and did negligently and carelessly allow and permit the elevator and cable to be and remain negligently and carelessly clamped and fastened together at the time of the accident; that the defendant carelessly and negligently used a certain clamp to fasten and secure the cable and the elevator, which was then and there, at the time of the injury and prior thereto, defective, unsafe, and unfit for the purposes for which it was to be used,— of all of which the defendant was aware, but the same was to this plaintiff unknown, and he had not the means of knowledge in regard thereto prior to the time of his injury; that March 16, 1897, it was and became the duty of the plaintiff, and necessary in the course of his employment as such employee, that he should ride on the elevator from the lower floor of the works to the second floor thereof; that the plaintiff did go upon the elevator in the course of his duties as such employee; that while he was then and there upon the elevator on that day, in the course of his employment, and in the exercise of due and ordinary care and prudence, by reason of the negligence and carelessness of the defendant, as set forth, the cable and the elevator became unfastened, and gave away, and thereby the elevator fell down about fifteen feet, whereby the plaintiff was seriously and permanently injured, to his general damage in the sum of $20,000, for which he demanded judgment.

After careful consideration we are all constrained to hold that the complaint states a cause of action. It appears that the elevator was a part of the equipment of the works operated by the defendant, and furnished by him for the use of his employees,— including the plaintiff,— going from one floor to the other of the building; that the defendant negligently and carelessly clamped and fastened the cable to the elevator, and knowingly allowed and permitted the same to remain in such defective condition, up to the time of the injury; that such defect was unknown to the plaintiff, who

Anderson vs. Hayes.

had no means of knowing of such defect prior to the injury; that it became the plaintiff's duty, and was necessary, in the course of his employment, to ride on the elevator from the lower to the second floor; that while doing so, in the exercise of due and ordinary care, the elevator, by reason of such negligent clamping, became unfastened from the cable, and fell and injured the plaintiff.

The defendant contends that it could not have been a passenger elevator, but merely a freight elevator, and hence a mere implement of labor. It may be that a trial will develop facts as claimed by the defendant. Upon this demurrer we are confined strictly to the allegations of the complaint, which must be regarded as true. Being true, it is obvious that the fastening of the cable and the elevator was defective. There is nothing to indicate that the plaintiff was operating the elevator, nor that in riding upon the elevator he was out of the line of his employment. The plaintiff cannot be held to have assumed the risk of a defect of which it is alleged that he had no knowledge nor means of knowledge.

The brief of the defendant discusses sixteen different propositions, to each of which numerous adjudications are cited, and some of them assume one or more facts which are not alleged, and some of which are in direct conflict, or at least inconsistent, with facts which are alleged. The only question is whether the complaint states a cause of action for negligence in operating a defective elevator, and whether the plaintiff assumed the risk, or was guilty of contributory negligence. Every phase of each of these questions has been discussed by this court so many times, and in such a variety of cases, as not to require a renewal of the discussion here.

*By the Court.*— The order of the superior court of Douglas county is affirmed.